| Attorney or Party Name, Address, Telephone & FAX Nos.,State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Nicholas Gebelt**<br>**15150 Hornell Street**<br>**Whittier, CA 90604**<br>**(562) 777-9159 Fax: (562) 946-1365**<br>**217362**<br>**ngebelt@goodbye2debt.com**<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>      Rafael Garcia<br>      Susan Garcia | CASE NO: **8:15-bk-11774-TA**<br><br>CHAPTER __13__ |
|---|---|
| | **NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE**<br><br>**(with supporting declarations)** |
| | DATE:<br>TIME:<br>COURTROOM:  **5B**<br>PLACE:  **411 W. Fourth Street, Santa Ana, CA 92701** |
| Debtor(s). | |

**Movants:**  **Rafael Garcia and Susan Garcia**

1. NOTICE IS HEREBY GIVEN to **BSI Financial Services** (Secured Creditor/Lessor), trustee (if any), and affected creditors (Responding Parties),  their attorneys (if any), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order imposing a stay or continuing the automatic stay as to certain creditors and actions described in the motion on the grounds set forth in the attached motion.

2. **Hearing Location:**

   ☐ **255 East Temple Street, Los Angeles, CA 90012**      ☒ **411 West Fourth Street, Santa Ana, CA 92701**
   ☐ **21041 Burbank Boulevard, Woodland Hills, CA 91367**   ☐ **1415 State Street, Santa Barbara, CA 93101**
   ☐ **3420 Twelfth Street, Riverside, CA 92501**

3. a.  ☐  This Motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1.  If you wish to oppose this Motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this motion.

   b.  ☒  This motion is being heard on SHORTENED NOTICE.  If you wish to oppose this motion, you must appear at the hearing.  Any written response or evidence must be filed and served: ☐ at the hearing  ☐ at least _ days before the hearing.

      (1)  ☐  An Application for Order Setting Hearing on Shortened Notice was not required (according to the

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                Page 1                        **F 4001-1.IMPOSE.STAY.MOTION**

calendaring procedures of the assigned judge).

(2) ☐ An Application for Order Setting Hearing on Shortened Notice was filed per LBR 9075-1(b) and was granted by the court and such motion and order has been or is being served upon the appropriate creditor(s) and trustee, if any.

(3) ☒ An Application for Order Setting Hearing on Shortened Notice has been filed and remains pending.  Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

4.   You may contact the Clerk's Office or use the court's website (www.cacb.uscourts.gov) to obtain a copy of an approved court form for use in preparing your response (optional court form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5.   If you fail to file a written response to the motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date:   **April 10, 2015**

**Law Offices Of Nicholas Gebelt**
Printed name of law firm (if applicable)

**Nicholas Gebelt 217362**
Printed name of individual Movant or attorney for Movant

*Nicholas Gebelt*
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                              Page 2                   **F 4001-1.IMPOSE.STAY.MOTION**

Label Matrix for local noticing
0973-8
Case 8:15-bk-11774-CB
Central District Of California
Santa Ana
Tue Apr  7 18:31:23 PDT 2015

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

ADT Security
P.O. Box 371956
Pittsburgh, PA 15250-7956

ADT Security
P.O. Box 650485
Dallas, TX 75265-0485

ADT Security
P.O. Box 660418
Dallas, TX 75266-0418

Allied Interstate
3000 Corporate Exchange Drive
Columbus, OH 43231-7684

Ameriprise
125 South West Avenue
Wilmington, DE 19801-5014

Ameriprise Card Services
P.O. Box 37693
Philadelphia, PA 19101-0693

Asset Acceptance Llc
P.O. Box 1630
Warren, MI 48090-1630

BSI Financial Services
314 S. Franklin Street
P.O. Box 517
Titusville, PA 16354-0517

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Bank of America
P.O. Box 15220
Wilmington, DE 19886-5220

Bank of America
P.O. Box 5170
Simi Valley, CA 93062-5170

Bankcard Services
P.O. Box 84005
Columbus, GA 31908-4005

(p)HSBC BANK
ATTN BANKRUPTCY DEPARTMENT
PO BOX 5213
CAROL STREAM IL 60197-5213

Best Buy Credit Services
P.O. Box 688910
Des Moines, IA 50368-8910

Best Buy Credit Services
P.O. Box 790441
Saint Louis, MO 63179-0441

Cach LLC
4340 S Monaco Street, Unit 2
Denver, CO 80237-3408

Citi
P.O. Box 6497
Sioux Falls, SD 57117-6497

Citi
P.O. Box 6500
Sioux Falls, SD 57117-6500

Citi
P.O. Box 653095
Dallas, TX 75265-3095

Credit Management
4200 International Pkwy
Carrollton, TX 75007-1912

Debra Osgood
7012 Malta Street
Chino, CA 91710-8113

Euler Hermes
369 Pine Street
Suite 410
San Francisco, CA 94104-3310

Expo Credit Services
P.O. Box 653000
Dallas, TX 75265-3000

Expo/Cbna
P.O. Box 6497
Sioux Falls, SD 57117-6497

First Equity Card Corp.
P.O. Box 23029
Columbus, GA 31902-3029

First Source
205 Bryant Woods South
Buffalo, NY 14228-3609

First Source
P.O. Box 628
Buffalo, NY 14240-0628

Franchise Tax Board
Bankruptcy
P.O. Box 1468
Sacramento, CA 95812-1468

Frank Garcia
10126 Overest Avenue
Whittier, CA 90605-3322

GE Money Bank
Attn: Bankruptcy Dept
P.O. Box 103106
Roswell, GA 30076-9106

GE Money Bank
Attn: Bankruptcy Dept.
P.O. Box 103104
Roswell, GA 30076-9104

GE Money Bank - Lowe's
P.O. Box 981400
El Paso, TX 79998-1400

GE Money Bank/Howard's
P.O. Box 960061
Orlando, FL 32896-0061

HSBC
P.O. Box 4155
Carol Stream, IL 60197-4155

HSBC
P.O. Box 80081
Salinas, CA 93912-0081

HSBC/Bestbuy
P.O. Box 9
Buffalo, NY 14240-0009

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Jose and Ana Maria Garcia
13028 Beaty Avenue
Whittier, CA 90605-3801

LTD Financial Services
7322 Southwest Freeway
Suite 1600
Houston, TX 77074-2134

Law Ofcs of Curtis Barnes
390 West Cerritos Avenue
Anaheim, CA 92805-6550

Lowe's
P.O. Box 530914
Atlanta, GA 30353-0914

Lowe's
P.O. Box 981064
El Paso, TX 79998-1064

McCarthy, Burgess & Wolff
26000 Cannon Rd
Bedford, OH 44146-1807

Michael Weisberg
16 North Main Street, Suite A
San Andreas, CA 95249

Monogram Credit Services
P.O. Box 960061
Orlando, FL 32896-0061

NCO Financial Systems
507 Prudential Road
Horsham, PA 19044-2368

NCO Financial Systems
P.O. Box 15889
Wilmington, DE 19850-5889

Nancy Holding Corp.
20 Glamford Road
Great Neck, NY 11023-1321

Neuheisel Law Firm
1501 W. Fountainhead Pkwy
Suite 130
Tempe, AZ 85282-1918

Neuheisel Law Firm
2277 Fair Oaks Blvd., Suite 305A
Sacramento, CA 95825-5500

Northland Group
P.O. Box 390905
Minneapolis, MN 55439-0905

Northwest Trustee Services, Inc.
1241 E. Dyer Road, Suite 250
Santa Ana, CA 92705-5611

Orange County Treasurer
625 N. Ross Street
Buiding 11, Room G-58
P.O. Box 1438
Santa Ana, CA 92702-1438

Prof. Bur. of Coll. of MD
P.O. Box 4157
Englewood, CO 80155-4157

SMS Financial XXII, LLC
2645 North 7th Avenue
Phoenix, AZ 85007-1101

SMS Financial XXII, LLC
6829 North 12th Street
Phoenix, AZ 85014-1109

Seterus
14523 SW Millikan Way
Suite 200
Beaverton, OR 97005-2352

Seterus
14523 Sw Millikan Way St
Beaverton, OR 97005-2352

Stoneleigh Recovery Assocs
P.O. Box 1479
Lombard, IL 60148-8479

Swift Financial
P.O. Box 3023
Milwaukee, WI 53201-3023

Synchrony Bank/Lowes
P.O. Box 965005
Orlando, FL 32896-5005


The Home Depot
P.O. Box 689147
Des Moines, IA 50368

The Home Depot/Citibbank
P.O. Box 6497
Sioux Falls, SD 57117-6497

Time Warner Cable
P.O. Box 60074
City of Industry, CA 91716-0074


Time Warner LA
c/o Credit Management
P.O. Box 118288
Carrollton, TX 75011-8288

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

United States Trustee (SA)
411 W Fourth St., Suite 9041
Santa Ana, CA 92701-8000


Vion Holdings
400 Interstate North Parkway
P.O. Box 39
Atlanta, GA 30301-0039

Wells Fargo Home Mortgage
P.O. Box 60505
City of Industry, CA 91716-0505

Amrane (SA) Cohen (TR)
770 The City Drive South Suite 8500
Orange, CA 92868-4958


Nicholas W Gebelt
15150 Hornell St
Whittier, CA 90604-2245

Rafael Garcia
1263 Citrus Street
La Habra, CA 90631-8361

Susan Garcia
1263 Citrus Street
La Habra, CA 90631-8361


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Bank Of America
4161 Piedmont Pkwy
Greensboro, NC 27410

Best Buy
P.O. Box 15519
Wilmington, DE 19850

U.S. Bank
101 5th Sreett E, Suite A
Saint Paul, MN 55101


(d)US Bank
P.O. Box 790408
Saint Louis, MO 63179-0408

End of Label Matrix
Mailable recipients      74
Bypassed recipients       0
Total                    74

# MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE

**Movants:** Rafael Garcia and Susan Garcia

1. **The Property or Debt at Issue:**
   a. ☒ Movant moves for an order imposing a stay with respect to the following property (Property):
      ☐ Vehicle *(describe year, manufacturer, type, and model)*:
         Vehicle Identification Number:
         Location of vehicle *(if known)*:

      ☐ Equipment *(describe manufacturer, type, and characteristics)*:
         Serial number(s):

         Location *(if known)*:

      ☐ Other Personal Property *(describe type, identifying information, and location)*:

      ☒ Real Property
         Street Address: **1263 Citrus Street**
         Apt./Suite No.:
         City, State, Zip Code: **La Habra, CA 90631**
         Legal description or document recording number(include county of recording):

Parcel 2 of Parcel Map No. 8970, in the City of La Habra, County of Los Angeles, State of California, as per Map recorded in Book 115, Page 3 of Parcel Maps, in the Office of the County Recorder of said County. EXCEPTING THEREFROM that portion of the above described land included within the boundaries of the land described in said Deed recorded in Book 40030 Page 18 of Official Records, an undivided one-half interest in and to all oil, gas and other hydrocarbon substances and minerals which are now or which may be at any time hereafter in or under said land, but without excepting or reserving any right to use surface of said property for the purpose of extracting said substances or any of them for any purposes whatever as reserved by N. M. Launer, et al, in Deed recorded on October 8, 1952 as Instrument No. 1318, in Book 40030 Page 16, of Official Records of said County. Assessor's Parcel No: 8238-034-026

      ☐ See attached continuation page

The following creditor(s) have a security interest or unexpired lease in this Property (give full name and address of creditor) **BSI Financial Services, 314 S. Franklin Street, P.O. Box 517, Titusville, PA 16354** to secure the sum of approximately **$ 744,921.00** now owed. (Secured Creditor/Lessor).   Additional creditors who are the subject of this motion, and their respective claims, addresses and collateral, are described on the continuation sheets attached. *(Attach additional sheets as necessary)*

   b. ☐ Movant moves for an order **imposing a stay** with respect to *any and all actions* against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditors/Lessors* as described in this motion; and/or

   c. ☐ Movant moves for an order **imposing a stay** *as to all creditors.*

   d. ☒ Movant moves for an order **continuing the automatic stay** with respect to any and all actions against the Debtor and the estate taken concerning the debt/lease owed to the BSI Financial Services, and/or

   e. ☒ Movant moves for an order **continuing the automatic stay** *as to all creditors*.

2. **Case History:**
   a. ☒ A voluntary ☐ An involuntary petition concerning an individual[s] under chapter ☐ 7 ☐ 11 ☐ 12
      ☒ 13 was filed concerning the present case on *(specify date)*: **04/07/2015**

   b. ☐ An Order of Conversion to Chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on *(specify date)*:

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                          Page 3                          **F 4001-1.IMPOSE.STAY.MOTION**

c.  ☐  Plan was confirmed on *(specify date)*:

d.  ☒  Other bankruptcy cases filed by or against this Debtor have been pending within the past year preceding the petition date in this case.  These cases and the reasons for dismissal are:

1.  Case name: **In re Susan Garcia**
Case number: **8:14-bk-12263-TA**          Chapter: **13**
Date Filed:  **04/14/2014**               Date dismissed: **06/23/2014**
Relief from stay re this Property          ☐ was          ☒ was not granted
Reason for dismissal:

**Debtor husband's parents needed financing on two pieces of real property, but their credit was poor. Therefore, in 2007 they put Debtor wife's name on both of the properties and the loans secured by the properties.  Debtor husband's parents made all of the payments on the properties - including the down payments.  Therefore, Debtor wife concluded that she had no ownership interest in either property, and no obligation to make any payments on the mortgages.**

**When Debtor wife filed the prior Chapter 13 case (using a petition preparer rather than an attorney), she was unaware of the secured debt ceiling of 11 U.S.C. § 109(e).  However, due to the fact that she was on the loan on her in-laws property, her total secured debt was too high, so the Court dismissed her case due to § 109(e) ineligiblity.**

**Subsequent to the dismissal, one of the properties was sold in a foreclosure sale.  Therefore, Debtors' debts no longer exceed the debt ceilings.  In the instant Chapter 13 case, Debtors are surrendering all interest in the remaining property pursuant to 11 U.S.C. § 1322(b)(9).**

**Debtors have filed the instant case to cure the arrearage on their primary residence - a different property from the aforementioned two properties - so the instant case does not have the problems associated with the previous case.**

**Debtors have proposed plan payments of $2,200 per month.  This will cure the mortgage arrearage, pay their priority tax debts in full, and repay their general unsecured creditors 7.51% of the amount they owe them.  Debtors have no nonexempt assets, so they are repaying more than their creditors would receive in a Chapter 7 liquidation.**

2.  Case name:
Case number:                              Chapter:
Date Filed:                               Date dismissed:
Relief from stay re this Property          ☐ was          ☐ was not granted
Reason for dismissal:

☐ See attached continuation page

e.  ☒  As of the date of this motion the Debtor ☐ has ☒ has not filed a statement of intentions regarding this Property as required under 11 U.S.C. §521(a)(2) because their case was filed under Chapter 13.  If a statement of intentions has been filed, Debtor ☐ has ☐ has not performed as promised therein.

f.  ☒  The first date set for the meeting of creditors under 11 U.S.C §341(a) is **May 19, 2015** and the court ☐ has ☒ has not fixed a later date for performance by Debtor of the obligations described at 11 U.S.C.§521(a)(2) because Debtors' case was filed under Chapter 13.  The extended date *(if applicable)* is __.

g.  ☐  In a previous case(s), as of the date of dismissal there was:
    ☐ an action by the Secured Creditor/Lessor under 11 U.S.C. §362(d) still pending or
    ☐ such action had been resolved by an order terminating, conditioning or limiting the stay as to such creditor.

3.  The equity in the property is calculated as follows:

a)  1.  Property description/value: **Single family residence at:  1263 Citrus Street, La Habra, CA**  $ 650,000.00
    2.  Creditor/Lien amount: **BSI Financial Services (Principal balance)**                $ 634,042.33
    3.  Creditor/Lien amount: **BSI Financial Services (Interest arrearage)**               $ 91,035.51

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 4                    **F 4001-1.IMPOSE.STAY.MOTION**

|   |   |   |   |
|---|---|---|---|
| 4. | Creditor/Lien amount: **Franchise Tax Board (Nonpriority tax debt)** | | $ **21,407.12** |
| 5. | Creditor/Lien amount: **Franchise Tax Board (Priority tax debt)** | | $ **6,499.45** |
| 6. | Total Liens | | $ **752,984.41** |
| 7. | Debtor's Homestead Exemption | | $ **0.00** |
| 8. | Equity in the Property (subtract lines 6 and 7 from line 1 and enter here) | | $ **No equity** |

b)
| | | |
|---|---|---|
| 1. | Propery description/value: __ | $__ |
| 2. | Creditor/Lien amount: __ | $__ |
| 3. | Creditor/Lien amount: __ | $__ |
| 4. | Creditor/Lien amount: __ | $__ |
| 5. | Creditor/Lien amount: __ | $__ |
| 6. | Total Liens | $__ |
| 7. | Debtor's Homestead Exemption | $__ |
| 8. | Equity in the Property (subtract lines 6 and 7 from line 1 and enter here) | $__ |

☐ See attached continuation page

**4.  Grounds for Continuing the Stay:**

a.  ☒  Pursuant to 11 U.S.C. § 362(c)(3) the stay should be continued on the following grounds:

   1.  ☒  The present case was filed in good faith notwithstanding that a prior single or joint case filed by or against the individual Debtor which was pending within the year preceding the petition date was dismissed, because:

      A.  ☒  The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);
      B.  ☒  Good faith is shown because **Debtors no longer exceed the debt limits of 11 U.S.C. § 109(e); they have proposed a feasible plan that cures their mortgage arrearage, pays their priorty tax debt in full, and repays their general unsecured creditors 7.51% of the amount they owe them - which is more than those creditors would receive in a Chapter 7 liquidation.**

      ☐ See attached continuation page

   2.  ☒  The Property is of consequential value or benefit to the estate because:

      A.  ☐  The fair market value of the Property is greater than all liens on the Property as shown above in paragraph 3 and as supported by declarations attached *(describe separately as to each property);.*

      B.  ☒  The Property is necessary to a reorganization for the following reasons:  **Debtors need a place to live while they earn money to fund their Chapter 13 plan.**

      ☐ See attached continuation page

      C.  ☒  The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection:)  **Debtors will make all of their postpetition mortgage payments on time as they come due, and will cure the arrearage through their Chapter 13 plan.**

      ☐ See attached continuation page

   3.  ☒  The presumption of a bad faith filing under 11 U.S.C.§362(c)(3)(C)(i) is overcome in this case as to *all creditors* because:

      A.  ☐  The prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§362(i);
      B.  ☐  Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting in dismissal was excusable because such failure was caused by the negligence of Debtor's attorney;
      C.  ☐  Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was excusable because __

      ☐ See attached continuation page

      D.  ☐  Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 5                        **F 4001-1.IMPOSE.STAY.MOTION**

because __

☐ See attached continuation  page

E.  ☐  Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because __

☐ See attached continuation page

F.  ☒  There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:  **Debtor wife was ineligible for Chapter 13 relief in the prior case because Debtors' secured debts exceeded the debt ceiling of 11 U.S.C. § 109(e).  However, the property securing that debt was sold in foreclosure, so Debtors' debts are now within the § 109(e) limits.**

From this, the court may conclude that this case, if a case under chapter 7, will result in a discharge or, if under chapter 11 or 13, in a confirmed plan that will be fully performed.

☐ See attached continuation page

G.  ☒  For the following additional reasons  **Debtors proposed plan in the instant case will repay the general unsecured creditors 7.51% of the amount owed.  This is more than those creditors would receive in a Chapter 7 liquidation, and more than they would have received in Debtor wife's dismissed previous case - which proposed a 0% plan.**

☐ See attached continuation page

4.  ☐  The presumption of a bad faith filing as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(3)(C)(ii) is overcome in this case because __

☐ See attached continuation page

5.  **Grounds for Imposing a Stay:**
a.  ☐  Pursuant to 11 U.S.C.§362(c)(4) this case was filed in good faith and grounds exist for imposing a stay as follows:
1.  ☐  The Property is of consequential value or benefit to the estate because the fair market value of the Property is             greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached.

2.  ☐  The Property is of consequential value or benefit to the estate because the Property is necessary to a reorganization for the following reasons:  __.

☐ See attached continuation page

3.  ☐  The Secured Creditor/Lessor's interest can be adequately protected by *(describe Movant's proposal for adequate protection)*: __

☐ See attached continuation page

b.  ☐  The present case was filed in good faith notwithstanding that the prior single or joint cases filed by or against the individual Debtor pending within the year preceding the petition date were dismissed, because:

1.  ☐  The prior  dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 6                    **F 4001-1.IMPOSE.STAY.MOTION**

2. ☐ Good faith is shown because __

☐ See attached continuation page

c. ☐ The presumption of a bad faith filing under 11 U.S.C.§362(c)(4)(D)(i) is overcome in this case as to *all creditors* because:

1. ☐ Debtor had a substantial excuse in failing to file or amend the petition or other documents as required by the court or Title 11 of the United States Code, resulting in the prior dismissal(s) as follows: __

☐ See attached continuation page

2. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was as the result of the negligence of Debtor's attorney;

3. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because __

☐ See attached continuation page

4. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because __

☐ See attached continuation page

5. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows: __

(from which the Court may conclude that this case, if a case under chapter 7, may be concluded with a discharge or, if under chapter 11 or 13, with a confirmed plan that will be fully performed).

☐ See attached continuation page

6. ☐ For the following additional reasons __

☐ See attached continuation page

7. ☐ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(4)(D)(ii) is overcome in this case because __

☐ See attached continuation page

6. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto).*

a. ☒ Movant submits the attached Declaration(s) on the court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to LBRs.
b. ☐ Other Declaration(s) are also attached in support of this Motion
c. ☐ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's(s') Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit __.
d. ☐ Other evidence *(specify):* __

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                     Page 7                  **F 4001-1.IMPOSE.STAY.MOTION**

7. ☐ An optional Memorandum of Points and Authorities is attached to this Motion.

**WHEREFORE, Movant prays that this Court issue an Order Imposing a Stay and granting the following** *(specify forms of relief requested):*

1. ☒ That the Automatic Stay be continued in effect as to all creditors until further order of the court.

2. ☒ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

3. ☒ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

4. ☐ That a Stay be imposed as to all creditors until further order of the court..

5. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

6. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

7. ☐ For adequate protection of the Secured Creditor/Lessor by *(specify proposed adequate protection)* __

8. ☐ For other relief requested, see attached continuation page.

Date: **April 10, 2015**                          Respectfully submitted,

                                                  _____
                                                  Movant Name
                                                  **Law Offices Of Nicholas Gebelt**
                                                  Firm Name of attorney for Movant (if applicable)

                                                  *Nicholas Gebelt* (signature)
                                                  _____
                                                  Signature
                                                  **Nicholas Gebelt 217362**
                                                  _____
                                                  Printed Name of Individual Movant or Attorney for Movant

# DECLARATION OF MOVANT

I **Nicholas Gebelt** , am the **Attorney** of Movant. I have read the foregoing motion consisting of **8** pages, and the attached materials incorporated therein by reference. If reference is made to balances owing, my testimony regarding same is based upon the business records of Movant kept in the ordinary course of business of Movant by persons whose responsibility it is to accurately and faithfully record information as to the Debtor's account on or near the date of events recorded. I am one of the custodians of such business records.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

**April 10, 2015**                **Nicholas Gebelt 217362**              *Nicholas Gebelt* (signature)
_____          _____          _____
*Date*                           *Printed name of declarant*               *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                          Page 8                    **F 4001-1.IMPOSE.STAY.MOTION**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**Law Offices of Nicholas Gebelt
15150 Hornell Street
Whittier, CA 90604**

A true and correct copy of the foregoing document entitled (*specify*):   **Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **04/10/2015** , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Amrane (SA) Cohen (TR)**                 efile@ch13ac.com
**Nicholas W Gebelt, Debtors' Attorney**   ngebelt@goodbye2debt.com
**United States Trustee (SA)**             ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **04/10/2015** , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Theodor C. Albert, 411 West Fourth Street, Suite 5085, Santa Ana, CA 92701-4593**

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 10, 2015 | Nicholas Gebelt 217362 | /s/ Nicholas Gebelt |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 9                    **F 4001-1.IMPOSE.STAY.MOTION**

1   LAW OFFICES OF NICHOLAS GEBELT
    NICHOLAS W. GEBELT  (SBN 217362)
2   15150 Hornell Street
    Whittier, California 90604
3   Telephone:  (562) 777-9159
    Facsimile:  (562) 946-1365
4   Email:       ngebelt@goodbye2debt.com

5   Attorney for Debtors, Rafael and Susan Garcia

6                  UNITED STATES BANKRUPTCY COURT

7                  CENTRAL DISTRICT OF CALIFORNIA

8                       SANTA ANA DIVISION

9

10  RAFAEL AND SUSAN GARCIA          |   Bk. No. 8:15-bk-11774-TA

         Debtors                    |   Chapter 13
11
                                     |   **DECLARATIONS OF RAFAEL AND**
12                                   |   **SUSAN GARCIA IN SUPPORT OF**
                                     |   **THEIR MOTION FOR AN ORDER**
13                                   |   **CONTINUING THE AUTOMATIC**
                                     |   **STAY**
14                                   |
                                     |   Date:
15                                   |   Time:
                                     |   Place:   Courtroom 5B
16                                   |            411 West Fourth Street
                                     |            Santa Ana, CA 92701-4593
17

18        Chapter 13 Debtors, Rafael and Susan Garcia, submit the following declarations in

19  support of their Motion For An Order Continuing The Automatic Stay.

20                       **DECLARATION OF RAFAEL GARCIA**

21
          I, Rafael Garcia, declare as follows:
22
          My wife, Susan, had one prior bankruptcy case pending during the twelve month period
23
24  prior to our filing our current case.  That case was dismissed because our secured debts exceeded

25  the secured debt limit of 11 U.S.C. § 109(e).  We did not know about the debt ceilings of 11

26  U.S.C. § 109(e), and the person we hired to prepare Susan's bankruptcy papers did not tell us of

27  the limits.

28        Susan filed the previous case in good faith, and made one plan payment before the Court

1  dismissed the case due to 11 U.S.C. § 109(e) ineligibility. It was at that point that we learned of

2  the debt ceilings.

3       Our secured debts exceeded the limit because, in 2007, my parents put Susan on their real

4  property and the mortgage on that property. They did this because they had poor credit and were

5  unable to secure a loan. The property in question was sold in foreclosure in September 2014. As

6  a consequence, our secured debts are now less than the secured debt limit. Our unsecured debts

7  are less than the unsecured debt limit of 11 U.S.C. § 109(e). Thus, we are now eligible for

8  Chapter 13 protection.

9       We have proposed plan payments of $2,200 per month, in part to cure our mortgage

10  arrearage. The plan we have proposed will repay our general unsecured creditors 7.51% of the

11  amount we owe them. According to the liquidation analysis, we have no nonexempt assets, so

12  we are repaying more than we are required to under 11 U.S.C. § 1325(a)(4). Thus, we have

13  proposed a feasible plan.

14       Therefore, I respectfully ask the Court to continue the automatic stay as to all creditors.

15       Executed on April 10, 2015 at Whittier, California.

16       I declare under penalty of perjury under the laws of the United States of America and the

17  State of California that the foregoing is true and correct.

18

19                              Rafael Garcia

20

21                    **DECLARATION OF SUSAN GARCIA**

22

23       I, Susan Garcia, declare as follows:

24       I had one prior bankruptcy case pending during the twelve month period prior to our

25  filing our current case. That case was dismissed because our secured debts exceeded the secured

26  debt limit of 11 U.S.C. § 109(e). We did not know about the debt ceilings of 11 U.S.C. § 109(e),

27  and the person we hired to prepare my bankruptcy papers did not tell us of the limits.

28       I filed the previous case in good faith, and made one plan payment before the Court

2

1   dismissed the case due to 11 U.S.C. § 109(e) ineligibility.  It was at that point that we learned of

2   the debt ceilings.

3          Our secured debts exceeded the limit because, in 2007, my husband's parents put me on

4   their real property and the mortgage on that property.  They did this because they had poor credit

5   and were unable to secure a loan.  The property in question was sold in foreclosure in September

6   2014.  As a consequence, our secured debts are now less than the secured debt limit.  Our

7   unsecured debts are less than the unsecured debt limit of 11 U.S.C. § 109(e).  Thus, we are now

8   eligible for Chapter 13 protection.

9          We have proposed plan payments of $2,200 per month, in part to cure our mortgage

10  arrearage.  The plan we have proposed will repay our general unsecured creditors 7.51% of the

11  amount we owe them.  According to the liquidation analysis, we have no nonexempt assets, so

12  we are repaying more than we are required to under 11 U.S.C. § 1325(a)(4).  Thus, we have

13  proposed a feasible plan.

14         Therefore, I respectfully ask the Court to continue the automatic stay as to all creditors.

15         Executed on April 10, 2015 at Whittier, California.

16         I declare under penalty of perjury under the laws of the United States of America and the

17  State of California that the foregoing is true and correct.

18

19                                     Susan Garcia

20

21

22

23

24

25

26

27

28

                                              3